Eastern District of Kentucky
**FILED**

FEB 2 7 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LONDON

| | | |
|---|---|---|
| **JOHN J. DUBOIS** | :: | **Case No.** 6-06-CV-90 - KKC |
| **Plaintiff,** | :: | **Judge** |
| **vs.** | :: | |
| **BANK OF AMERICA, N.A.** | :: | |
| **c/o Kenneth D. Lewis, CEO** | | |
| **Bank of America Corp. Center** | :: | |
| **100 North Tryon St.** | | |
| **Charlotte, N.C. 28255** | :: | |
| | :: | |
| **TRANS UNION, LLC.** | | |
| **Reg. Agent: Prentice Hall Corp. System** | :: | |
| **421 West Main St.** | | |
| **Frankfort, Ky. 40601** | :: | |
| **Defendants** | | |

---

**Complaint to Enforce Civil Liability Pursuant to the Fair Credit Reporting Act for Willful Violation; Actual & Punitive Damages; Attorney Fees; Jury Demand**

---

### INTRODUCTION

1. This is an action by a plaintiff consumer alleging that Defendants' incorrect verification and re-reporting of a debt on his consumer credit report which did not belong to him in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this division since the unlawful conduct alleged to have taken place occurred in Owsley County where the plaintiffs resides and the damage to Plaintiff's credit was incurred there.

## PARTIES

3. Defendant, Bank of America, N.A. is a purported the issuer of credit cards and is a furnisher of credit information within the meaning of 15 U.S.C. 1681s-2(b).

4. Defendant Trans Union is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(p).

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1681a (©).

## ALLEGATIONS

6. Sometime in 2003 plaintiff sued an entity known Risk Management Alternatives (RMA) in this Court and, as part of the settlement of this litigation, it was agreed that an account supposedly originally owned by the defendant Bank of America, N.A. and sold to Risk Management Alternatives, would no longer be reported to any credit reporting agency [hereinafter the account].

7. Sometime shortly prior to November 25, 2005 plaintiff observed the account on his Trans Union credit report reported by the defendant Bank of America which indicated that plaintiff had a balance of $5078, which was past due in the amount of $4,988 and which had been charged-off as a "bad debt".

8. The account in question did not belong and never belonged to the plaintiff but belonged to his ex-wife. However, it was being currently reported inaccurately and in a derogatory manner on his own personal consumer report.

9. On or about November 25, 2005 the plaintiff wrote to the defendant Trans Union and disputed the account wherein he documented his dispute by providing an affidavit from his ex-wife as well as a copy of a settlement agreement in which the supposed current owner of the account had agreed in 2003 never to report the debt to any credit reporting agency. Plaintiff also copied the defendant furnisher, Bank of America, with what he had mailed to defendant Trans Union. A true copy of this dispute letter is attached hereto as Exhibit A. A true copy of the certified mail receipts and a USPS confirmation of delivery are attached as Exhibits B-1 & B-2.

2

10. On or about January 11, 2006 defendant Trans Union responded to Plaintiff's dispute of the account by stating that its "investigation of the dispute you submitted is now complete." It followed by stating that the account in question had been "verified" with "no change" and it enclosed a new report where it continued to report the account in the identical derogatory manner that it had reported prior to the time it was disputed by the plaintiff. A true copy of this communication is attached hereto as Exhibit C.

## COUNT I: FAIR CREDIT REPORTING ACT
### (Defendant Bank of America)

11. The above-described conduct of Defendant Bank of America violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), in that Defendant Bank of America knew from the information in its files that the account did not belong to the plaintiff and, therefore, that the negative information in Plaintiff's credit report was incorrect; nevertheless, Defendant Bank of America willfully refused to report the correct result of its investigation to Defendant Trans Union. In the alternative, Bank of America failed to conduct an investigation with respect to the disputed information and/or failed to review all relevant information before reporting back to Defendant Trans Union, also in violation of 15 U.S.C. § 1681s-2(b).

12. As a direct and proximate result of this violation, Plaintiff's credit was damaged, he suffered humiliation and embarrassment and he was forced to expend time and money in attempting to eradicate this matter from his credit.

13. In continuing to violate the Act despite written notice, Defendant Bank of America acted intentionally, willfully, recklessly, and in total disregard for Plaintiff's rights.

## COUNT II: FAIR CREDIT REPORTING ACT
### (Defendant Trans Union)

14. Defendant Trans Union issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the FCRA.

15. Defendant Trans Union has continually added, stored, maintained and disseminated personal and credit data about Plaintiff which is false, erroneous, and misleading, without employing procedures to ensure the maximum possible accuracy of the information posted to Plaintiff's consumer reports and disseminated.

3

16. Defendant Trans Union failed to employ reasonable procedures for the reinvestigation in a timely and proper manner concerning the accuracy of the erroneous, negative data upon being notified by Plaintiff that such information was erroneous.

17. The above-described conduct of Defendant Trans Union violated the FCRA, including but not limited to 15 U.S.C. § 1681e(b) and 1681i.

18. As a direct and proximate result of this violation, Plaintiff's credit was damaged, he suffered humiliation and embarrassment and he was forced to expend time and money in attempting to eradicate this matter from his credit.

19. In addition to actual and/or compensatory damages, Defendant Trans Union is liable to Plaintiff in a sum to be assessed by the trier of fact for willful violation of the FCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

(a) Award a judgment for actual and/or statutory damages to be determined at trial, including all statutory enhancements of damages;

(b) Award punitive damages in an amount to be determined at trial.

©) Award Plaintiff his costs and a reasonable attorney fee as permitted by statute and common law;

(d) For a trial by jury on all appropriate issues; and,

4

(e)   Award such other relief as this Court deems appropriate at law or in equity.

Respectfully submitted by:

Steven C. Shane (0041124)
Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

5