UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

| | | |
|---|---|---|
| **JOHN J. DUBOIS** | :: | Case No. 6:06cv-90 |
| Plaintiff, | :: | Judge Karen Caldwell |
| vs. | :: | |
| **BANK OF AMERICA, N.A., et al.** | :: | |
| Defendants | | |

**Plaintiff's Memorandum Opposing Defendants' Joint Motion for Status Conference**

Defendants in this action have filed a motion which they entitle a "Joint Motion**."** Such a description is not entirely accurate since it is not, in reality, a motion joined in by all parties. A careful reading indicates that it is actually a pleading that is jointly filed only by the defendants in this action[1]. Counsel for plaintiff would not ordinarily oppose a request which has as its supposed purpose to inform the Court of the current progress of the case[2]. However, this request by defendants is not so much a request to provide the Court with case progress as it is a backdoor attempt to gain a strategic advantage. In the instant case defendants assert that the purpose of this joint motion is to discuss the issue of "consolidation" with case 06-92. The issue of case consolidation is currently under consideration by the Court. At the Court's request, the parties have already submitted a joint status report stating their respective positions

---

[1] Defendants have filed the identical motion in case no 06-92.

2. Plaintiff's counsel was neither consulted nor asked if he had any opposition before it was filed.

on consolidation. The Court will, obviously, decide the issue when it deems it appropriate. It seems that the true reason defendants request this conference is to complain about plaintiff's recent filing of a rule 26(f) report. If defendants are sincerely seeking "guidance" from the Court with respect to the rule 26(f) report which they claim they are, plaintiff respectfully suggests that they file a motion which directly addresses the rule 26(f) report which defendants claim is premature.

By way of background, the undersigned counsel on May 31, 2006, pursuant to rule 26(f), took the lead in preparing a rule 26(f) report and providing a draft to all counsel of record. As usual the undersigned requested input from each defendant in order to finalize and file a joint report and to get on with discovery and other matters involving the case. At first, counsel for defendant Trans Union wrote as follows: "I have received your draft Rule 26 Report in this matter. I will definitely have input to provide before finalization, which I will email to you." Therefore, the undersigned waited patiently to receive it. After almost two weeks the defendants, along with TU's counsel, took the position that they did not believe the submission of a rule 26(f) report was appropriate until this Court ruled on the consolidation issue. They were unwilling to provide input to finalize and to file a joint report. The undersigned, obviously not in agreement with this position and wanting to get the case moving, informed all counsel that unless they supply the necessary input to complete a report as earlier requested, he would submit the plaintiff's own version of rule 26(f), provide initial disclosure pursuant to rule 26(a) and

commence discovery. Defendants ignored this request and, therefore, the undersigned filed "plaintiff rule 26(f) report."[3].

In the opinion of the undersigned, if appropriate at all, any request for guidance should have been sought at the time counsel submitted his proposed report on May 31, 2006 and not two weeks after counsel submitted his input who waited patiently in good faith believing that he would be receiving input from defendants' counsel to complete the report. As stated, if defendants believe that the rule 26(f) report was improperly or prematurely filed**,** they have the option of seeking to strike it or, in the alternative, submit their own version just as plaintiff has.

Respectfully submitted by:

**/s/Steven C. Shane**
Steven C. Shane (Ohio Bar 0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

### Proof of Service

I hereby certify that the foregoing pleading was filed electronically this 19th day of June, 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**/s/Steven C. Shane**

---

[3] Plaintiff details all of this in his rule 26(f) report.